FILED
CLERK, U.S. DISTRICT COURT

2/13/2015

CENTRAL DISTRICT OF CALIFORNIA
BY: ___CW___ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

SAMUEL M. HOLMES,

    Petitioner,

v.

STATE OF CALIFORNIA,

    Respondent.

No. CV 14-9911-MWF (PLA)

**ORDER DISMISSING HABEAS PETITION**

I.

**BACKGROUND**

On December 30, 2014, petitioner filed a Petition for Writ of Habeas Corpus ("Petition" or "Pet."). The Petition indicated that on September 15, 2014, petitioner was convicted in Los Angeles County Superior Court of possession of a controlled substance pursuant to California Health and Safety Code sections 11350(a)(1) and 11377(a)(1). (Pet. at 2). Petitioner in the Petition sought to be resentenced pursuant to California's recently passed Proposition 47, which prospectively makes violations of certain sections of California's Health and Safety Code misdemeanors, rather than felonies. (Pet. at 3); Cal. Penal Code § 1170.18(a).

It appeared to the Magistrate Judge that petitioner intended to file his Petition in *state* court. Petitioner entered the title "State of California County Los Angel[e]s Superior Court" on the heading of the Petition, and addressed the envelope containing the Petition to the "Los Angeles County Superior Court." (Pet. at 1; Envelope). However, he used the mailing address of this Court, the United States District Court for the Central District of California. It was also apparent that this matter properly belonged in the Los Angeles County Superior Court, petitioner's sentencing court. (Pet. at 2); Cal. Penal Code § 1170.18(a) (a person serving a sentence for a conviction of a felony who would have been guilty of a misdemeanor had Proposition 47 been in place at the time of the offense "may petition for a recall of sentence before the trial court that entered the judgment of conviction in his . . . case to request resentencing . . ."). Indeed, the Los Angeles County Superior Court calendar website at that time reflected that petitioner had two Proposition 47 Petition hearings already scheduled in that court during January 2015. (Official Records of California Courts). As such, even if petitioner intended to file this Petition in this Court, it also appeared that his claims had not been exhausted in the state courts. 28 U.S.C. § 2254(b)(1)(A) (a state prisoner must exhaust his state court remedies on every ground presented in a petition before a federal court may consider granting habeas corpus relief); O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999).

Accordingly, on January 8, 2015, the Magistrate Judge ordered petitioner to show cause, no later than January 22, 2015, why this federal action should not be dismissed as not being properly before this Court. Petitioner was advised that his failure to timely file a response to the Order to Show Cause "will result in an order that the matter be dismissed for failure to follow Court orders." (Order to Show Cause at 2).

**To date, petitioner has not filed a response to the January 8, 2015, Order to Show Cause, and his time to do so has passed. Nor has petitioner otherwise been in contact with this Court since filing the Petition.**

## II.

## **DISCUSSION**

It is well established that a district court has authority to dismiss a petitioner's action because of his or her failure to prosecute or to comply with court orders. See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (holding that a court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (holding that a district court may dismiss an action for failure to comply with any order of the court).

In determining whether to dismiss this action due to petitioner's failure to prosecute or comply with Court orders, the Court must consider the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the respondent; (4) the public policy favoring disposition of cases on their merits[;] and (5) the availability of less drastic sanctions." Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988) (per curiam) (internal quotation marks and citation omitted); see also In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); Ferdik, 963 F.2d at 1260-61 (failure to comply with court orders).

The first two factors -- the public's interest in expeditious resolution of litigation and the Court's need to manage its docket -- weigh in favor of dismissal. Petitioner's failure to file a response to the Magistrate Judge's Order to Show Cause hinders the Court's ability to move this case toward disposition and indicates that petitioner does not intend to litigate this action diligently.

The third factor -- prejudice to respondent -- weighs in favor of dismissal. A rebuttable presumption of prejudice to respondent arises when a petitioner unreasonably delays prosecution of an action. Eisen, 31 F.3d at 1452-53. In this case, although respondent has not yet been served, nothing suggests that such a presumption is unwarranted.

The fourth factor -- public policy in favor of deciding cases on their merits -- weighs against dismissal. However, it is petitioner's responsibility to move his case toward a disposition at a reasonable pace and to avoid dilatory and evasive tactics. See Morris v. Morgan Stanley Co., 942 F.2d 648, 652 (9th Cir. 1991). By failing to file a response to the Order to Show Cause as ordered

1  by the Magistrate Judge, petitioner has not discharged this responsibility. In these circumstances,
2  the public policy favoring resolution of disputes on the merits does not outweigh petitioner's failure
3  to comply with Court orders.

4  The fifth factor -- availability of less drastic sanctions -- weighs in favor of dismissal. The
5  Magistrate Judge first attempted to avoid dismissal when it issued its January 8, 2015, Order to Show
6  Cause giving petitioner an opportunity to show cause why this case should not be dismissed because
7  it is not properly before this Court. Nonetheless, to date, petitioner has failed to file a response to the
8  Order to Show Cause as required by the Order.

9  Taking all of the above factors into account, dismissal for failure to prosecute and follow Court
10 orders, as well as the action not being properly before this Court, is appropriate. Such a dismissal,
11 however, should not be entered unless petitioner has been notified that dismissal is imminent. See
12 West Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1523 (9th Cir. 1990). In this case,
13 petitioner was cautioned about the possibility of dismissal in the Magistrate Judge's January 8, 2015,
14 Order to Show Cause. (Order to Show Cause at 2 ("**[F]ailure to timely file a response to this**
15 **Order . . . will result in an order that the matter be dismissed for failure to follow Court**
16 **orders.**")).

17 In light of the foregoing, the Court finds that it is appropriate to dismiss the Petition for failure
18 to prosecute and comply with Court orders, and as not being properly before the Court. IT IS
19 THEREFORE ORDERED that this action is **dismissed without prejudice.**

23 DATED: February 13, 2015

HONORABLE MICHAEL W. FITZGERALD
UNITED STATES DISTRICT JUDGE

4